UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| The Patriot Law Firm Corporation, and Atkinson, Watkins & Hoffman, LLP, | Case No. 2:23-cv-01673-CDS-EJY |
| Plaintiffs / Lien Claimants | **Order Granting Plaintiffs / Lien Claimants' Request for Attorneys' Fees and Costs** |
| v. | |
| Jesse Castillo | |
| Defendant / Lien Respondent | |

The Court previously determined that defendant / lien respondent, Jesse Castillo, improperly removed this case (ECF No. 11) because he is the plaintiff who commenced his action in the state court. Castillo's removal also delayed a previously scheduled state court hearing. Castillo's improper removal has, in turn, necessitated an unnecessary expenditure of resources by plaintiffs / lien claimants. *See* ECF No. 7 at 9. Accordingly, I grant plaintiffs / lien claimants' request for attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

I. Discussion

On November 21, 2023, I granted plaintiffs / lien claimants motion to remand and motion for attorneys' fees after finding that Castillo had improperly removed this action. ECF No. 11. On December 13, 2023, plaintiffs / lien claimants submitted their first proposed order for attorney fees and costs. ECF No. 13. That request for attorney fees and costs totaled $5,000.00. *Id.* at 2. However, because plaintiffs / lien claimants failed to include supporting documentation from which the court could determine whether the requested amount is reasonable, I denied the first proposed order without prejudice and ordered counsel to re-submit it with supporting documentation. ECF No. 14; *see Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 437 (1983) (the prevailing party bears the burden of proving that the amount sought is reasonable).

On January 4, 2024, counsel timely filed a new proposed order with proper supporting documentation. ECF No. 16. However, the total in the second proposed order is $6,990.00. *Id.* at 2. Though counsel expresses that this amount is limited to work on this action through entry of the court's November 21, 2023 order, it does not explain the $1,990.00 fee increase. *See generally id.*

Under 28 U.S.C. § 1447I, a removal order may award "payment of just costs and any actual expenses, including attorney fees" that a party incurred as a result of an improper removal. Courts have "a great deal of discretion and flexibility" to issue attorney fees under 28 U.S.C. § 1447(c). *Sokola v. Weinstein*, 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138-39 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, 546 U.S. at 141 (internal citations omitted). Furthermore, in reaching my final disposition of attorney's fees and costs, I am expected to provide "a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

Here, while the invoice total is $6,990.00 (Invoice, ECF No. 15-5), I cannot reconcile the $1,990.00 fee increase between the first and second proposed order. Upon reviewing Fed. R. Civ. P. 54(d)(2)(B) and the factors set forth in LR 54-14, including the Court's own observation of the quality of the filings, as well as the experience, reputation, and ability of the attorneys for plaintiffs / lien claimants, and supporting documentation, I hereby awards plaintiffs / lien claimants the reasonable sum of $5,000.00 as attorneys' fees against Castillo.

## II. Conclusion

The Clerk of Court is therefore ordered to enter an order granting attorneys' fees and costs in the amount of $5,000 to plaintiffs / lien claimants, The Patriot Law Firm Corporation, and Atkinson, Watkins & Hoffman, LLP.

Dated: March 6, 2024

_____
Cristina D. Silva
United States District Judge