UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Castillo,<br><br>    Plaintiff<br><br>v.<br><br>The Patriot Law Firm Corporation, et. al.,<br><br>    Defendants | Case No. 2:23-cv-01673-CDS-EJY<br><br>**Order Denying Castillo's Motion for Reconsideration**<br><br>[ECF No. 19] |

Plaintiff Jesse Castillo filed the instant motion for reconsideration seeking a review of the award of attorney fees the court granted to defendants The Patriot Law Firm Corporation, and Atkinson, Watkins & Hoffman, LLP ("lien claimants").[1] ECF No. 19. Lien claimants responded. ECF No. 20. I deny Castillo's motion.

Lien claimants represented Castillo in an underlying three-year long matter litigated in state court, which resulted in settlement. *See* ECF No. 14-5 (state court docket); ECF No. 14 at 2 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. Subsequently, Castillo and lien claimants had a disagreement over attorney fees and costs and lien claimants filed a motion to adjudicate the charging lien. ECF No. 14 at 2 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. The hearing on the motion was scheduled for October 18, 2023. *See* ECF No. 14-5 at 13 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. However, Castillo removed the matter to federal court on October 15, 2023, before the state court hearing could be held. *Id.*; *see* Pet. for removal, ECF No. 1.

Despite the existence of the removed state court matter (the instant case), Castillo filed a new complaint with similar claims. *See* ECF No. 1 in *Castillo v. The Patriot Law Firm Corporation*,

---

[1] In Case No. 2:23-cv-01673-CDS-EJY, Jesse Castillo is Defendant/Lien Respondent and The Patriot Law Firm Corporation, Atkinson, Watkins & Hoffman, LLP d/b/a Battle Born Injury Lawyers are Plaintiffs/Lien Claimants. In Case No. 2:23-cv-01619-CDS-DJA Jesse Castillo is Plaintiff and The Patriot Law Firm Corporation, Atkinson, Watkins & Hoffman, LLP d/b/a Battle Born Injury Lawyers are Defendants. "Castillo" refers to Defendant/Lien Respondent and Plaintiff and "lien claimants" refers to The Patriot Law Firm Corporation, Atkinson, Watkins & Hoffman, LLP d/b/a Battle Born Injury Lawyers.

2:23-cv-01619-CDS-DJA. On November 21, 2023, I entered an order granting lien claimants' motion to remand, denying as moot Castillo's motion to consolidate, and granting lien claimants' request for attorney fees and costs under 28 U.S.C. § 1447(c). ECF No. 17 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. I also granted a stay of the declaratory action on December 22, 2023, pending the outcome of concurrent state lien adjudication proceedings.[2] ECF No. 23 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. On March 6, 2024, I ordered that Castillo pay lien claimants attorney fees in the amount of $5,000. ECF No. 17.

On March 11, 2024, Castillo filed identical motions for reconsideration in both cases. ECF No. 19; *see also* ECF No. 24 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. Castillo argued that the attorney fees were still the subject of the action pending in the state court case and that no decision had yet been rendered, thus making reconsideration appropriate. ECF No. 19 at 1–2. In the other action, I denied his motion. ECF No. 26 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA. I explained that it was evidently filed in the wrong case, but also that the state court judge had rendered a decision in that case, however the opinion was inaccessible due to it having been filed under seal. *Id.* at 1. I subsequently dismissed the complaint in that case without prejudice. ECF No. 28 in *Castillo v. The Patriot Law Firm Corporation*, 2:23-cv-01619-CDS-DJA.

In the instant motion for reconsideration, Castillo attached a state court order from January 2024 seeking supplemental briefing on multiple issues. ECF No. 19 at 4–7. However, since that date, the state court found that lien claimants' lien was perfected. Decision & Order, *Castillo v. Shin Lin*, A20820371C, at 6 (Nev. Dist. Ct. Aug. 7, 2024).

Castillo's motion asks that this court wait for the state court's ruling because he was reasonably confident that the state court's ruling would result in the "attorney's lien filed in that action [being deemed] not perfected and, therefore, is not enforceable." ECF No. 19 at 2

---

[2] The underlying case is Eighth Judicial District Court case number A-20-820371-C.

(emphasis in original). He argues that if the state court finds that the lien was not perfected, "then this diversity case can and should proceed as a common law contract action in this Court, because . . . Castillo is a citizen of Arizona and the Defendant attorneys are citizens of Nevada." *Id.*

As was thoroughly explained in the order remanding the case, "[t]he law is clear—the right to remove is limited to the defendant." ECF No. 11 at 2 (citing 28 U.S.C. § 1446(b)(1)). Whether or not the parties are diverse is irrelevant because this court does not have, nor has it ever had, jurisdiction over this case. *See Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170–71 (9th Cir. 2022) (holding that only a named defendant can remove a case to federal court).

Castillo also argues that "this matter was stayed by virtue of the Court's order on December 22, 2023" and therefore he "did not respond to the application for attorney's fees herein, nor would it have been appropriate to make filings in this action after it was stayed by order of this Court." ECF No. 19 at 2. Evidently, Castillo has fallen victim to the confusion his two simultaneous cases have wrought. The stay was ordered in the -01619 case and the attorney fees were ordered in this one. His failure to file what he supposedly sought to file was wholly unaffected by the stay in the other case. As this is his only other argument for why the attorney fees should not be awarded, I see no reason to alter the $5,000 attorney fee payment I awarded previously.

Castillo's motion for reconsideration [ECF No. 19] is therefore **DENIED** and he is ordered to pay lien claimants the $5,000 in attorney fees I previously ordered in ECF No. 17.

Dated: October 22, 2024

_____
Cristina D. Silva
United States District Judge

3